## Amos Walton, Appt., *v.* Levi K. Brown.

Where a written agreement for the purchase and sale of land contains the entire contract between the parties, the vendor should be compelled to give a deed conforming thereto. A deed containing a reservation of a right of way not provided for in the written agreement is not a compliance with such agreement.

(Argued May 17, 1887.  Decided May 30, 1887.)

January Term, 1887, No. 116, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, and CLARK, JJ. Appeal from a decree of the Court of Common Pleas of Lancaster County in favor of plaintiff in a bill in equity to enforce specific performance of a contract between the parties, for the conveyance of a piece of land. Affirmed.

The questions presented appear from the following portion of the report of the master, William Seaman, Esq.:

On the 18th day of August, 1885, L. K. Brown, plaintiff, filed a bill in equity, in which he complains and says:

That Amos Walton, being then the owner of a tract of land situated in Fulton township, Lancaster county, Pennsylvania, adjoining a public road and lands of Samuel C. Wood and said L. K. Brown, containing 70 perches, more or less, on the 14th day of June, 1884, entered into an agreement with said L. K. Brown for the said tract of land; said agreement, executed under the hands and seals of the said parties, was as follows:

Articles of agreement made the fourteenth day of the sixth month, 1884, between Amos Walton and Levi K. Brown, both of Fulton township, Lancaster county, as follows,—*viz.:*

The said Walton doth sell to the said Brown, the school house

NOTE.—The same decree was made in Anders's Estate, 12 Phila. 45, under similar circumstances. So in Lesley v. Morris, 9 Phila. 110, a title was held not to be marketable when the property was burdened with a building restriction which impaired the enjoyment of the property.

and lot of land on which the school house is erected in said township, known as "Goshen School District," for the sum of $150, $20 to be paid in cash, (at which time said Brown is to have possession), the residue thereof in ten days from this date or as soon as the school directors shall execute a deed for the same to the said Walton. Said Brown to pay for the conveyance which said Walton is to make as soon as the balance of money is paid.

In witness whereof, the said parties have hereunto set their hands and seals the day and date above written.

Amos Walton,   [Seal.]

L. K. Brown,   [Seal.]

Witness present.
Jacob K. Brown.

That, on the 14th day of June, 1884, Brown paid Walton $20 on account of said purchase money; and, on the 26th day of July, 1884, Walton having then received a deed for the said tract of land from the said school directors of Fulton township, and being in a situation to comply with the said articles of agreement, Brown tendered Walton the balance of the said purchase money in legal tender of the United States, to wit, $130, and at the same time demanded a deed for the said tract of land, which Walton refused to execute and deliver.

The plaintiff prays: "To the end, therefore, that the said articles of agreement, dated the 14th day of June, 1884, may be specifically performed and carried into execution by the said Amos Walton, your orator hereby offering to perform the same on his part; and that the said Amos Walton make your orator a good and sufficient title, your orator offering thereon to pay $130, the balance still due according to the terms of the articles of agreement, above mentioned, and the cost of preparing the same."

Walton properly appeared in court in answer to due process, and on the 10th day of October, 1884, filed an answer to the said bill, in which he says (after reserving unto himself all benefit and advantage of exception which can or may be had or taken to the many errors, uncertainties and other imperfections in said bill contained):

1. That prior to June 14, 1884, defendant had entered into articles of agreement with the school directors of said Fulton

township, for the purchase of the tract of land mentioned and described in the plaintiff's bill.

2. That defendant admits that on the 14th day of June, 1884, he entered into, and executed under his hand and seal, the articles of agreement made part of plaintiff's bill; but further says and avers that the said articles do not contain the entire agreement between the parties; "for it was further stipulated by and between them, and was part of the inducement for the defendant to enter into said agreement, that he should have a right of way over said lot of ground containing 70 perches, more or less, and it was to have been so expressed in said articles of agreement and it was expressly stipulated and agreed that it should be so written in the deed. The complainant wrote said articles of agreement, and omitted to insert therein the words necessary to make said agreement clearly express the intention of the parties, and when presented to defendant for his signature, he refused to sign the same, except with the distinct understanding and agreement that defendant should have the right to pass over and upon said premises and adjoining land of complainant, to and from the other land of defendant, to the public road leading from Fulton House to Wakefield, either along the northern line of said 70 perches of land, or such other place as complainant and defendant might mutually agree to change to, and it was to be so expressed in the deed."

3. The defendant admits that he was to execute and deliver to the plaintiff on the 24th day of June, 1884, or as soon thereafter as the said defendant should receive a deed from the school directors of said Fulton township for the said tract of land, a deed for the same, upon the payment by the said plaintiff of the consideration of $150; but the said defendant further avers that the deed to be executed and delivered by him should contain a reservation of the right to pass over and upon the tract of land and adjoining land of the said plaintiff, as was claimed and fully set forth in the preceding paragraph.

4. The defendant admits that, on the 14th day of June, 1884, the said plaintiff paid him $20 on account of the purchase money for the said tract of land; but denies that the said plaintiff did, on the 26th day of July, 1884, or on any other day, tender the balance of the said purchase money.

5. The "defendant, for further answer, says that on July 26, 1884, he tendered to complainant a properly executed deed, ac-

cording to the contract between them, a copy of which said deed is annexed to and made part of this answer, and which the said complainant refused to accept and pay for, according to the contract between them. Since July 26, 1884, defendant has offered to deliver said deed to complainant on payment by him of said balance of the purchase money, to wit: $130; and he now stands ready to deliver said deed to the complainant, on said payment being made by him, which is according to the contract and agreement between them."

The defendant prays that the plaintiff's bill be dismissed, with costs.

On the 6th day of November, 1884, the plaintiff filed a replication, in which he joined issue with the said defendant on all matters alleged in his answer.

It is found that the plaintiff, on the 14th day of June, 1884, paid the defendant $20 on account of the purchase money, leaving due a balance of $130.

The matters of controversy arise upon the new and positive averment in the defendant's answer, respecting the nature and character of the agreement.

From the whole testimony respecting the agreement, the master finds that the articles of agreement of June 14, 1884, contain the entire contract between Amos Walton and Levi K. Brown. By the said agreement Amos Walton disposes absolutely of all his right, title, and interest in the lot of land in Fulton township, known as the "Goshen School District," without reservation of a right of way over the same to Amos Walton, his heirs, and assigns. The master is not called upon to determine the precise nature of the understanding between Amos Walton and Levi K. Brown in regard to right of way. The right is found to be less in quantity than a perpetual reservation; and, whatever its extent—whether personal to Amos Walton or entirely permissive in its nature—it does not enter into and form part of the contract expressed in the articles of agreement of June 14, 1884, is not in any way connected with the same, and is not involved in the present proceedings.

Controversy also arises upon the denial by the defendant of the plaintiff's allegation that the plaintiff tendered the defendant the balance of the purchase money, *viz.*, $130, and demanded a deed.

From the entire evidence on the controverted point of tender,

the master finds that Levi K. Brown, on the 26th day of July, 1884, made a good and sufficient tender of the balance of the purchase money, $130, to Amos Walton, and demanded a deed in accordance with the written agreement of June 14, 1884.

Controversy arises further upon the defendant's allegation that he tendered a good and sufficient deed, a copy of which is made part of the defendant's answer, in specific performance of the contract as it was actually intended, made and entered into between the parties.

The said deed conveys to Levi K. Brown, his heirs and assigns, all the estate, right, title, interest, property, claim, and demand whatsoever of Amos Walton and Martha, his wife, in law, equity or otherwise, of, in, and to the tract of land described in said deed, being the premises in controversy, "excepting and reserving to the said Amos Walton, and to his heirs and assigns, at any time and at all times hereafter, as a part of the consideration hereinbefore mentioned, to pass over and upon the hereby granted premises, and the adjoining land of said Levi K. Brown, to and from the other land of said Amos Walton, to the public road aforesaid, either along the northern line of the above granted premises, or such other place as may be mutually fixed by the parties."

The master finds that the defendant, on the 26th day of July, 1884, at Penrose Ambler's mill, tendered the deed to the plaintiff; but holds such deed not good, and insufficient. The decision of this point of the controversy is involved in the determination of the preceding disputed matters. Having found that the articles of agreement of June 14, 1884, contain the entire contract between the parties, the master must necessarily hold that a deed containing the reservation above cited would not be in compliance with the terms of the said agreement, or in specific performance of the same.

Freeing the matters in controversy from all discussion, the master finds:

That, on the 14th day of June, 1884, Amos Walton and Levi K. Brown executed, over their hands and seals, articles of agreement, herein above fully transcribed and set forth, by which, for the consideration therein mentioned, the said Amos Walton contracted to sell to the said Levi K. Brown, absolutely and unconditionally, and without exception or reservation, the school

house and lot of ground on which the school house is erected in Fulton township, known as the "Goshen School district."

That said articles of agreement contain the entire contract between the plaintiff, Levi K. Brown, and defendant, Amos Walton.

That, on the 26th day of July, 1884, the plaintiff, Levi K. Brown, made a good, sufficient, and legal tender of the balance of the purchase money, $130, to the defendant, Amos Walton, and demanded a deed in accordance with the said articles of agreement of June 14, 1884.

That the defendant, Amos Walton, declined accepting the balance of the purchase money, $130, so tendered him by the plaintiff, Levi K. Brown, and refused to specifically perform the contract shown by said articles of agreement of June 14, 1884, by delivery of a deed duly executed in accordance therewith, and containing no exception or reservation whatsoever.

That the deed of Amos Walton and wife, containing an exception and reservation of a right of way, is not in compliance with the terms of the article of agreement of June 14, 1884, and is not a good and sufficient deed; and the tender thereof is inoperative and of no effect.

The master, therefore, would report and recommend that specific performance be decreed, as prayed for in the plaintiff's bill.

The defendant filed the following exceptions to the master's report:

The master erred in finding as a fact: (1) That the articles of agreement, marked in plaintiff's bill as Exhibit A, contain the entire contract between the plaintiff, Levi K. Brown, and the defendant, Amos Walton; (2) that on the 26th day of July, 1884, the plaintiff, Levi K. Brown, made a good, sufficient, and legal tender of the balance of the purchase money, $130, to the defendant, Amos Walton; (3) that the defendant, Amos Walton, declined accepting the balance of the purchase money, $130, the same not having been tendered him by the plaintiff, Levi K. Brown; (4) that the deed of Amos Walton and wife, marked Exhibit B, containing an exception and reservation of a right of way, is not a compliance with the terms of the articles of agreement of June 14, 1884 ("Exhibit A"), and is not a good and sufficient deed; and that the tender thereof is inoperative and of no effect; (5) in making report and recommending that a

specific performance be decreed as prayed for in the plaintiff's bill.

The court of common pleas overruled the exceptions and ordered a decree in accordance with the recommendation of the master, and the defendant appealed, assigning as error the action of the court in not sustaining his exceptions to the master's report and in not giving judgment for defendant.

*J. W. Johnson* and *J. W. F. Swift* for appellant.

*Brown & Hensel* for appellee.

PER CURIAM:

The master found as a fact that the written agreement contains the entire contract between the parties. The learned judge confirmed that finding. An examination of the evidence fails to convince us that there is error in the finding. It follows that the deed should be according to the terms of the written agreement, and the decree is correct.

Decree affirmed and appeal dismissed, at the costs of the appellant.